Filed 5/12/15  Marriage of Wiles CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| In re the Marriage of SHERI WILES and JEFF A. WILES. | B256399 |
| _____ | (Los Angeles County Super. Ct. No. MD033485) |
| SHERI WILES, | |
| Petitioner and Respondent, | |
| v. | |
| JEFF A. WILES, | |
| Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County.
Steff Padilla, Judge.  Reversed and remanded with directions.

Law Offices of James T. Raetz and James T. Raetz for Appellant.

Sheri Rees, in propria persona, for Respondent.

_____

Jeff A. Wiles appeals from the trial court order denying his request to modify and terminate spousal support for his former wife. We reverse because the undisputed evidence showed that wife was effectively earning more than husband, and remand for a new hearing to determine the proper amount of a downward modification.

## FACTS AND PROCEDURAL HISTORY

Jeff and Sheri Wiles married in 1984 and separated in 2007.[1] A stipulated marital dissolution judgment was entered in March 2011, which contained a provision that obligated Jeff to pay Sheri monthly spousal support of $1,950. The judgment provided that "spousal support is modifiable" when the following occurred, either alone or in combination: (1) Sheri graduated from nursing school and obtained employment; and (2) Jeff retired.[2]

By October 2011 Sheri had finished nursing school and obtained employment in Arizona that paid her $3,600 a month. Jeff retired in March 2013, and Sheri was thereafter paid half of his monthly pension benefits, in the sum of $4,340. Sheri also received a lump sum payment of nearly $128,000 from Jeff's retirement account to be applied in the future to her own retirement.

In September 2013 Jeff filed a request to modify spousal support. The form stated that he both wanted to modify support to zero and terminate jurisdiction for further spousal support. Jeff's income and expense declaration, which was uncontested, showed that between his pension benefits and a worker's compensation award he had a monthly gross income of $8,710. His monthly expenses were listed at $9,354.

---

[1] Although respondent now goes by the surname Rees, we identify her as Sheri Wiles because the matter was captioned as *Wiles v. Wiles*. For ease of reference, we will refer to the parties by their first names.

[2] The judgment does not specify nursing school, but the parties agree that was what they intended. The agreement included a third modification contingency not relevant here: Jeff's loss of overtime pay from his job as a police officer.

Sheri was living with her boyfriend in his house. She contributed half of the monthly mortgage payment. Her total monthly expenses were $3,715. She told the court that for the past few months she had been getting an additional $850 or so each month that was garnished from Jeff's income because he was more than $13,000 in arrears on his support payments. Sheri acknowledged that she was now effectively earning more than Jeff, and admitted that she was saving her monthly spousal support payments to help her buy her own home. She came to court to defend herself against false accusations by Jeff that she had financially abandoned one of their adult children.

Jeff admitted that he had recently obtained a private investigator's license and started his own P.I. agency. At the time of the hearing he had no clients and therefore no income. The trial court ordered him to produce a profit and loss statement from the new business and took the matter under submission. Three weeks later the trial court issued a minute order that denied Jeff's request to modify spousal support because "[t]here is not a sufficient change of circumstance." The record does include any profit and loss statement from Jeff and there is no indication he ever produced it before the trial court ruled.

## DISCUSSION

Jeff contends the trial court erred by denying his request to modify Sheri's spousal support to zero, especially in light of the stipulated judgment that declared spousal support was modifiable based on either his retirement or Sheri's employment as a nurse. Sheri, who is representing herself, contends she opposed the modification request because Jeff was seeking to terminate spousal support.

A spousal support order is modifiable only upon a material change of circumstances. The scope of the trial court's discretion is measured by the terms of any marital settlement agreement. We review the trial court's order under the abuse of discretion standard. (*In re Marriage of Dietz* (2009) 176 Cal.App.4th 387, 398.)

As noted, the marital settlement agreement between Jeff and Sheri stipulated that her spousal support was modifiable once Jeff retired or she became employed. As a

3

result of those two occurrences, and not including any spousal support, Sheri had a monthly income approximately $700 less than Jeff. However, when each party's expenses were figured in, Jeff was running at a monthly deficit of nearly $700, while Sheri was left with $4,225. She did not use any of the spousal support for her living expenses. Instead, she was banking that money to help her buy a house.

Sheri essentially concedes that some sort of modification is warranted. We recognize that Jeff has consistently asked that support be reduced to zero, but that did not preclude a partial reduction if such was found appropriate. The trial court appeared headed in that direction when it told Sheri it was "trying to figure it out . . . [because] [y]ou are now making more money than he does," and then asked Jeff to produce a profit and loss statement from his nascent private investigation business. Instead, the trial court later denied the motion without receiving that information. On this record, we conclude that the trial court abused its discretion by not ordering at least a meaningful downward modification of some sort.[3] (*In re Marriage of Mosley* (2008) 165 Cal.App.4th 1375, 1386-1387 [abuse of discretion to deny former husband's support modification request where his income had substantially decreased and he was borrowing money to make ends meet].) We shall therefore remand the matter to the trial court for further consideration.

## DISPOSITION

The order denying appellant's request to modify spousal support is reversed and the matter is remanded to the trial court with directions to conduct a new hearing on this issue. Appellant shall recover his costs on appeal.

RUBIN, J.

WE CONCUR:

BIGELOW, P. J.                                    GRIMES, J.

_____

[3]      By doing so, we do not suggest that the trial court may not eliminate spousal support entirely if its finds that is warranted.

4